1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN JAMES ALLEN WOODALL, Inmate Booking No. 12512537, | Civil No.   12-0817 AJB (DHB) |
| Plaintiff, | **ORDER:** |
| vs. | **1)  DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]** |
| | **2)  DISMISSING CIVIL ACTION FOR FAILING TO PAY CIVIL FILING FEE REQUIRED BY 28 U.S.C. § 1914(a); AND** |
| JERRY SANDERS; DOES 1-50; COUNTY OF SAN DIEGO; SAN DIEGO SHERIFF'S DEP'T; WILLIAM GORE; SANFORD TOYEN, | **3) DENYING MOTION FOR LEAVE TO FILE EXCESS PAGES AS MOOT** |
| Defendants. | |

Shawn James Allen Woodall ("Plaintiff"), currently housed at the San Diego County Central Jail, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].  In addition, Plaintiff has filed a "Motion for Leave to File Excess Pages" [ECF No. 3] and "Notice of Grave Danger or Death Without Emergency and Immediate Action" [ECF No. 4].

/ / /

/ / /

1    **I.      Motion to Proceed IFP**

2            Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil

3    litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2).

4    However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the

5    privilege to proceed IFP:

6                    . . . if the prisoner has, on 3 or more prior occasions, while
                     incarcerated or detained in any facility, brought an action or appeal
7                    in a court of the United States that was dismissed on the grounds
                     that it is frivolous, malicious, or fails to state a claim upon which
8                    relief can be granted, unless the prisoner is under imminent danger
                     of serious physical injury.

9

10   28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision."

11   *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").  "Pursuant to

12   § 1915(g), a prisoner with three strikes or more cannot proceed IFP."  *Id.; see also Andrews v.*

13   *Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA,

14   "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP

15   status under the three strikes rule[.]").   The objective of the PLRA is to further "the

16   congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*,

17   128 F.3d 1310, 1312 (9th Cir. 1997).

18           "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were

19   dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"

20   *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles

21   such dismissal as a denial of the prisoner's application to file the action without prepayment of

22   the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  Once a prisoner has

23   accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action

24   in federal court unless he can show he is facing "imminent danger of serious physical injury."

25   *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP

26   complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of

27   serious physical injury' at the time of filing.").

28   / / /

**II.     Application of 28 U.S.C. § 1915(g)**

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).   In addition while Plaintiff has filed a "Notice of Grave Danger or Death," Plaintiff admits that the relief he seeks in this action is identical to an action brought by Plaintiff in the California Superior Court. (*See* Compl. at 12.)  Plaintiff admits that his request for relief in the Superior Court action was denied by the Superior Court Judge.  (*Id.*)

If this Court were to grant the relief requested by Plaintiff in this case it would violate the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct. 868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  Review of state court decisions may only be conducted in the United States Supreme Court.  *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257.  The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues.  *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  Thus, this Court takes judicial notice that Plaintiff has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failing to state a claim in the Southern District of California.

/ / /

They are:

1) *Woodall v. Imperial County Sheriff's Dep't*, Civil Case No. 00-2584 JM (LSP) (S.D. Cal. Mar. 5, 2001) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A) (strike one);

2) *Woodall v. U.S. Marshal Service, et al.*, Civil Case No. 01-0179 BTM (LAB) (S.D. Cal. Mar. 17, 2001) (Order dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915A) (strike two);

3) *Woodall v. C. Trujillo, et al.*, Civil Case no. 01-0004 BTM (CGA) (S.D. Cal. Apr. 17, 2001) (Order dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915A) (strike three);

4) *Woodall v. California Forensic Medical Group*, Civil Case no. 01-0180 BTM (LAB) (S.D. Cal. Apr. 17 2001) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A) (strike four).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

**III.   Conclusion and Order**

For the reasons set forth above, the Court hereby:

1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2] pursuant to 28 U.S.C. § 1915(g) [Doc. No. 2];

2) **DISMISSES** this action without prejudice for failure to pay the $350 civil filing fee required by 28 U.S.C. § 1914(a);

1    3)    **DENIES** Plaintiff's Motion for Leave to File Excess Pages [ECF No. 3] as moot

2    and

3    4)    **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore,

4    would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United*

5    *States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977)

6    (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

7    The Clerk shall close the file.

8    **IT IS SO ORDERED.**

9    DATED:  April 11, 2012

10   _____

     Hon. Anthony J. Battaglia
11   U.S. District Judge